DargaN, Ch.
delivered the opinion of the Court.
In this case very little is necessary to be said, in addition to the views taken by the presiding Chancellor in his decree. It is as well to remark, that the manner in which th.e case .has been presented in the brief does not meet the approbation of this Court. All the evidence bearing on the questions raised in the grounds of appeal should be printed with the brief, which has not been done in this case.
Upon a careful review of the evidence, I perceive no reasons for impeaching the fairness and validity of the sale by the sheriff to the complainant. It is settled law, that where unfair means have no' been employed to prevent competition at sheriff’s sales, inadequacy of price, however great, is no ground for setting them aside. Whether wise or not, this is the law of South Carolina. While the stern policy of the law requires that the unfortunate debtor shall submit to take the highest bid, that is fairly made, it is in the highest degree important that these forced and peremptory sales, so frequently attended with sacrifices and loss to a suffering class of the community, should be preserved pure and free from any taint of fraud. To subject the debtor to a forced sale of his property, at whatever price it may bring, is a hard case enough. The policy of the law, however, and the inviolability of contracts, demand that concession to the rights of creditors. To make him the victim of corrupt combinations or artifices on the part of unfeeling and voracious speculators, is what this Court will not permit. The rule laid down in Martin & Walter v. Evans, will be applied, in a case proper for its application, either on the part of the debtor himself or of creditors interested in the sale of his property.
But between that case and this, there is no analogy. There is not a circumstance here which, when properly, interpreted, warrants the imputation of unfairness in the sale. The only evidence which can be distorted into such a view of the transaction, is that of the witness John Cullum. It appears that this witness, together with the complainant, was the surety of Peter Redheimer for a debt due to Richard Coleman, executor of M. Coleman. Peter Redheimer had given his sureties a mortgage of negroes, as indemnity for their liability on this debt. Cullum, however, was not satisfied with his position, and had come to the sheriff’s sale with the intention of bidding on the land, to the amount of the debt due the estate of Coleman; which was at that time in execution against himself, his co-surety, and their principal, Peter Redheimer. His intention to bid was not communicated to Coleman. He applied to the complainant to release or indemnify him on his debt. This the complainant had refused, telling him he must get rid of the judgment in the best way he could. The expression used by the complainant to this *289 witness, so much commented on'in the argument, when he told him “not to be troubled, he should not be hurt,” is fairly susceptible -of an innocent and entirely different interpretation. I think he referred to the joint indemnity, which he and the witness held in the mortgage of the negroes; which from all that appears was entirely sufficient. Between two and three years afterwards, the complainant assumed upon himself the liabilities of Cullum on the debt of the executor of Coleman, on Cullum’s assigning to him his interest in the mortgage of the negroes. This, however, was notclaimed by Cullum as a fulfilment of any agreement, express or implied, as growing out of the sheriff’s sale of the land. But on the contrary he testifies that he “ did not observe Coleman say or do any thing to injure the sale of the land.” The land was sold subject to a mortgage due to the complainant’s wife. This mortgage he exhibited, as he should have done, with a correct statement as to the amount due upon it, $13 or 1400. The land having been exposed at sale subject to the mortgage, was bid off at one dollar; which made its cost to the complainant, the balance due upon the mortgage.
This Court perceives no ground whatever for impeaching .the validity of the sale. The decree is affirmed and the appeal dismissed.
The whole Court concurred

Decree affirmed.